# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Patrick Williams, Ph.D.,**

    **Plaintiff,**

**v.**                                                                            Case No. 12-2620-JWL

**Evogen, Inc. and Thomas Jantsch,**

    **Defendants.**

## MEMORANDUM & ORDER

Plaintiff Patrick Williams, Ph.D., filed suit against his former employer, Evogen, Inc. ("Evogen"), and Evogen's President and Chief Executive Officer, Thomas Jantsch, asserting numerous claims arising out of the termination of his employment with Evogen. Pertinent to the present motion, plaintiff asserts a claim against Evogen for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and a state law claim against Evogen for "retaliatory or wrongful discharge" which, in fact, alleges both wrongful discharge in violation of Kansas's public policy against age discrimination and retaliatory discharge in light of plaintiff's alleged opposition to illegal practices.

Previously, Evogen moved to dismiss plaintiff's ADEA claim on the grounds that Evogen does not have the requisite number of employees for ADEA coverage and to strike that portion of the wrongful discharge claim that is based on a public policy against age discrimination on the grounds that the KADEA provides an adequate remedy for the discrimination alleged. Because Evogen's motion presumed the dismissal of plaintiff's ADEA

claim (an aspect of Evogen's motion that the court denied), and because neither party addressed the affect, if any, that plaintiff's ADEA claim has on the viability of plaintiff's common law wrongful discharge claim, the court denied the motion to strike and permitted Evogen to refile the motion to address the implication of plaintiff's ADEA claim on his common law claim.

Evogen has now filed its renewed motion to strike (doc. 40) plaintiff's allegations of wrongful discharge based on Kansas's public policy against age discrimination. Evogen asserts that those allegations should be stricken for failure to state a claim upon which relief may be granted because both the ADEA and the KADEA provide adequate alternative remedies for plaintiff's wrongful discharge claim. Plaintiff, in turn, contends that Federal Rule of Civil Procedure 8(d) permits him to plead alternative and even inconsistent claims and that it would be unjust to dismiss the common law claim at this juncture because it is unclear whether an ADEA claim will be available to him after discovery.

The court grants Evogen's motion and strikes the wrongful discharge aspect of plaintiff's claim for "retaliatory or wrongful discharge." In *Polson v. Davis*, 895 F.2d 705, 709 (10th Cir. 1990), the Tenth Circuit predicted that the Kansas Supreme Court would "adopt the view that KAAD provides an adequate and exclusive state remedy for violation of the public policy enunciated therein" such that the plaintiff's remedies under Kansas statutory law precluded recovery under the tort of wrongful discharge. The Kansas Supreme Court has acknowledged the Tenth Circuit's *Polson* decision and concluded that the Circuit "was correct in surmising the Kansas rule to be that an adequate alternative remedy precludes a common-law retaliatory discharge action." *See Flenker v. Willamette Indus., Inc*., 266 Kan. 198, 209 (1998). There is simply no reason why *Polson* should not extend to the KADEA and, indeed, many judges in

Kansas have concluded that the KADEA provides an adequate remedy for a violation of the public policy stated therein such that common law claims for wrongful discharge based on the KADEA are precluded. *See Daniels v. UPS, Inc.*, 797 F. Supp. 2d 1163, 1197 (D. Kan. 2012) (KADEA provides adequate substitute for common law claim); *Doebele v. Sprint Corp.*, 2000 WL 1745262, at *3 (D.Kan. Nov. 17, 2000) (dismissing common law wrongful discharge claims based on the KAAD and KADEA and collecting cases); *Chapman v. Atchison Casting Corp.*, 2000 WL 1469315, at *3 (D.Kan. Sept. 25, 2000) (dismissing common law retaliatory discharge claims based on KAAD and KADEA).

The Tenth Circuit has also held that the *Polson* rationale extends to plaintiffs seeking to assert a common law cause of action for retaliation when they have a federal statutory right, s*ee Conner v. Schnuck Markets, Inc*., 121 F.3d 1390, 1399 (10th Cir. 1997), including the ADEA. *See Beaird v. Seagate Tech., Inc*., 145 F.3d 1159, 1175 (10th Cir. 1998) (Oklahoma state law claims of wrongful discharge barred because ADEA provides an adequate remedy for the discrimination charged). And judges in this district have routinely concluded that the ADEA provides an adequate remedy such that Kansas state law claims based on the same underlying conduct are barred. See Daniels, 797 F. Supp. 2d at 1197; *Schartz v. Unified Sch. Dist. No. 512*, 953 F. Supp. 1208, 1219 (D. Kan. 1997) (wrongful termination claim barred because plaintiff had adequate remedy under ADEA and KADEA); *Wagner v. Hy-Vee Food Stores, Inc*., 1995 WL 716788, at *7 (D. Kan. Nov. 16, 1995) (existing state and federal statutes provide "ample remedies for age discrimination" such that wrongful discharge claim barred).

Because adequate statutory remedies are available to plaintiff under both the ADEA and the KADEA, the court strikes the wrongful discharge aspect of plaintiff's claim of "retaliatory or wrongful discharge."[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Evogen's renewed motion to strike (doc. 40) is granted.

**IT IS SO ORDERED.**

Dated this 17th day of May, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1]The fact that plaintiff's ADEA claim may ultimately be subject to dismissal based on the number of employees employed by Evogen has no bearing on whether plaintiff may assert a common law wrongful discharge claim based on age discrimination. *See Conner*, 121 F.3d at 1399 (affirming summary judgment for defendant on plaintiff's common law retaliatory discharge claim because adequate statutory remedy existed under FLSA, even though district court granted summary judgment on plaintiff's FLSA claim).