# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PATRICK WILLIAMS, PhD.,           )
                                  )
               Plaintiff,      )
                                  )
v.                                )  Case No. 12-2620-JWL-KGG
                                  )
EVOGEN, INC. and THOMAS JANTSCH,  )
                                  )
               Defendants.     )
_____ )

## MEMORANDUM & ORDER ON
## MOTION FOR PROTECTIVE ORDER

Now before the Court is Plaintiff's Motion for Protective Order. (Doc. 52.) Having reviewed the submissions of the parties, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion as more fully set forth herein.

## FACTS

Plaintiff filed a Complaint against his former employer, Defendant Evogen, Inc., and Thomas Jantsch, Defendant's President and CEO, alleging claims for whistle-blower retaliation, age discrimination, breach of implied contract, and tortious interference. (Doc. 1.) Defendant Evogen has notified Plaintiff of its intent to issue 19 subpoenas on Plaintiff's current and former employers as well as

1

educational institutions he previously attended. (Doc. 52, at 1-2.) The employment-related subpoenas seek:

> [a]ny and all documents relating to Patrick Williams . . . including but not limited to employment records, personnel records, correspondence, performance evaluations, applications for employment, earnings, bonuses, medical leave, injury, disability, termination and benefits records, W-2s, W-4s and 1099s, from the first date of employment to the present.

(*See e.g.*, Doc. 52-2.) The educational subpoenas request "[a]ny and all EDUCATIONAL records, including but not limited to: student records, transcripts, applications for admission, and graduate certifications or diplomas" relating to Plaintiff. (*See e.g.*, Doc. 52-2, at 52 (capitalization in original).) Plaintiff contends that the subpoenas are "overly broad and clearly violate[s his] constitutional right to privacy," while arguing that Defendant has provided no reasonable basis access the documents. (Doc. 52, at 2.) He also objects that the requests are "oppressive, retaliatory and unnecessarily jeopardize his current job." (*Id.*)

## ANALYSIS

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred

2

> or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> * * *
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> * * *
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . . .

Fed.R.Civ.P. 26(c)(1).

The party seeking to quash a subpoena must show "good cause" for the requested protective order. *Id*.; **Sloan v. Overton**, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D.Kan. Sept. 17, 2010). To establish "good cause" within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by dissemination of the information. **Zhou v. Pittsburg State Univ.**, No. 01-2493-KHV, 2002 WL 1932538, at *2 (D.Kan. July 25, 2002).

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas in federal court. This rule does not include overbreadth or relevance as listed reasons for objecting to a subpoena.

> It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery

3

> under Rule 26(b) and Rule 34. Thus, the court must examine whether a request contained in a subpoena duces tecum is overly broad or seeking irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production.

*Hunsaker v. Proctor & Gamble Mfg. Co*., No. 09-2666-KHV, 2010 WL 5463244 (D. Kan. Dec. 29, 2010); *see also Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc*., 211 F.R.D. 658, 622 (D. Kan. 2003) (citations omitted). The party resisting a discovery request based on an objection such as overbreadth bears the burden to support the objections. *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D.Kan.2004).

Although the scope of discovery is broad, it is not unlimited. If the proponent has failed to specify how the information is relevant, the Court will not require the respondent to produce the evidence. *Kear v. Kohl's Dept. Stores, Inc*., No. 12-1235-JAR-KGG, 2013 WL 3088922, at *1 (D. Kan. June 18, 2013) (citing *Gheesling v. Chater*, 162 F.R.D. 649 (D.Kan.1995)).

Plaintiff argues that the subpoenas drafted by Defendant implicate confidential information that "should be protected from wide dissemination." (Doc. 52, at 4.) It is well-established in this District that private or confidential documents are not necessarily shielded from discovery because "privileged" and "confidential" are two distinct concepts. *See Kendall State Bank v. West Point Underwriters, LLC*, No. 10-2319-JTM-KGG, 2013 WL 593957, at *2 (D. Kan.

4

Feb. 15, 2013) (citing *McCloud v. Board of Geary County Comm'rs*, No.2008 WL 1743444, at *4 (D. Kan. April 11, 2008) (holding that even assuming certain records are " 'private' or confidential, this does not mean the records are privileged and/ or nondiscoverable")). Plaintiff's concern about widespread dissemination can be addressed through a relevant protective order.

Plaintiff also contends the information sought is both harassing and irrelevant. This Court recently addressed a similar issue in the matter of *Kear v. Kohl's Dept. Stores, Inc*., No. 12-1235-JAR-KGG. In that case, the undersigned Magistrate held that

> Plaintiff's employment records with her current employer are undeniably relevant on their face for a variety of reasons – statements she may have made regarding her past employment, information relating to her potential economic damages, information regarding potential on-going emotional damages, etc. Despite the fact that there is a *potential* for Plaintiff to be annoyed, embarrassed or harassed as a result of the subpoena . . . , Plaintiff does not – and cannot – establish that this will actually occur. Thus, this potential annoyance to Plaintiff does not outweigh Defendant's showing of the obvious relevance of the information requested.

2013 WL 628331, at *3 (D. Kan. Feb. 20, 2013). Defendant quotes this language in support of its argument that the subpoenas are appropriate. (Doc. 55, at 5.)

The Court agrees with Defendant that Plaintiff is relying on the "mere *potential* for embarrassment" to be caused by these subpoenas with his current employer, former employers, educational institutions, and employers with whom

5

he applied for work. Beyond the obvious relevance of the information from Plaintiff's current employer, however, Defendant is also relying on the mere *potential* for the discovery of relevant information from these other sources.

Defendant discusses its desire to employ the "after-acquired evidence" defense with any improper or inconsistent information it may uncover through these subpoenas. (Doc. 55, at 6-7.) Defendant wholly fails, however, to state any objective or reasonable basis to believe that such evidence actually exists and/or has been retained by Plaintiff's former employers and educational institutions. The Court agrees with the approach taken in the ***Premer v. Corestaff Services, L.P.***, decision, which held that although "the after-acquired evidence doctrine provides employers a mechanism to limit an employee's remedies based on evidence found during discovery, <u>it should not be used as an independent basis to initiate discovery</u>." 232 F.R.D. 692, 693 (M.D. Fla. 2005) (emphasis added).

Absent some evidence that information relevant to this defense is actually contained within the documents retained by these employers and educational institutions, Defendant is relying on the mere potential that the information exists – a potential that is much less tangible than Plaintiff's potential for embarrassment or harassment. The Court agrees that without an evidentiary basis to seek the documents, Defendant's attempt to compile this information from Plaintiff's former employers and educational institutions – by indiscriminately collecting

6

large amounts of irrelevant and private information with no demonstrated reason to believe that relevant information will be found – is nothing more than an improper fishing expedition. As such, the Court **GRANTS** Plaintiff's request for a protective order regarding the subpoenas to all former employers and educational entities.

Plaintiff's motion is, however, **DENIED** in regard to the subpoena to his current employer because the request is relevant on its face regarding statements he may have made about his employment with Defendant and information relating to his economic damages and/or the mitigation thereof. The same is true in regard to any information retained by potential employers with whom Plaintiff applied after the termination of his employment with Defendant Evogen. Plaintiff's motion is, therefore, **DENIED** in regard to these potential employers. As discussed above, these same bases for facial relevance do not, however, exist with Plaintiff's historical employers or educational institutions with whom he was associated before his employment with Defendant.

**IT IS THEREFORE ORDERED** the objections raised in Plaintiff's Motion for Protective Order and supporting memorandum (Doc. 28, 29) are **sustained in part** and **overruled in part** as more fully set forth herein. Plaintiff's

motion is, therefore, **GRANTED in part** and **DENIED in part** as discussed above.

**IT IS SO ORDERED.**

Dated this 17th day of July, 2013, at Wichita, Kansas.

                                           S/ KENNETH G. GALE
                                           HON. KENNETH G. GALE
                                           U.S. MAGISTRATE JUDGE